Go ahead, sir. Good morning, Your Honor. Vince Bronco, Federal Defenders, on behalf of Mr. Bibo. Mr. Bibo's sentence must be reversed, because the District Court relied on a clearly erroneous fact that there was a danger that Mr. Bibo would commit a contact sex offense because he had previously viewed child pornography. Remand is also necessary because the District Court failed to make sufficient findings of first enough to support a plethysmography, plethysmograph test. I can never pronounce it either. Okay, great. And also... Plethysmograph. Plethysmograph. Plethysmograph is what we say in Idaho. I don't know what you're saying. Plethysmograph sounds like what the computer... The only reason I know about that is I had to defend one once and I wasn't very happy. Go ahead. Anyway, the second condition is that the District Court didn't have sufficient findings for was the prohibition of possession of materials that contained any sexually explicit conduct as defined by 2256. Can we move to the back end of your argument, which is these conditions? At least, as I read the government's briefing, it says, well, that's not what they mean. And so, and what you want is really what they say. If that's true, can we just modify these conditions to correspond to the apparent agreement that you and the government have on them? I agree with that for the plethysmograph testing. They say it's not there. That's for condition nine? No, that's for condition, I believe it's 15, condition 12. Because the court didn't make a finding as to that test, that should not be... And the government says, we don't think that test is in the corrections. So I completely agree with your argument. Okay, so let's go, you challenge also the ban on having certain materials, access to certain materials. Correct, and that's where we disagree, because I don't think you can construe this condition the way the government wants you to construe it. Well, but what if we do? Well, I think that... What if we were to construe it the way the government wants us to construe it, would you then object to it? Yes, because even in what we call traditional pornography, I don't think that should apply to Mr. Bebo without the findings. And that's because of the full extent that the district court made on this finding in this case, meaning he never made the distinction between pornography and sexually explicit conduct. No, but let's assume we, let's assume as the government says they're willing, we restrict this condition to pornography, do you then have a problem? I think it would still be remanded for the district court to then make further findings and for us to talk to the district court of whether or not pornography should have been prohibited too. Well, but your client was convicted of a pornography offense, was he not? Of child pornography, but what this is prohibiting is also adult pornography. So you don't think a district judge can say you've been convicted of child pornography and during your supervised release I'd like you to stay away from all pornography? I think he can with a sufficient record. But isn't the conviction of the child, that's what I'm asking, isn't the conviction of the child pornography offense a sufficient record for a judge to say you better stay away from pornography while you're on supervised release? No, because all conditions have to be individualized and they'd have to look at what's before the court. And there's no evidence in this case that viewing adult pornography would lead to him viewing child pornography again. If there were indications in the record, if the government had had Mr. Bebo go through analysis and the psychologist recommended it, yes, but just the offense alone isn't enough. So let me ask you to assume that I think the offense alone is enough. If that's true, is this condition, if it were limited to pornography, troublesome? In other words, let's assume the judge had made whatever findings you think are required. Would you then have an objection to this restriction if it were limited to pornography? Not just adult explicit materials, but pornography? In the abstract, no, but in this case, yes. No, I understand your position. I'm trying to figure out whether you're challenging this on a First Amendment ground or whether you're challenging this on a not sufficient evidence to apply it to my client ground. I think they're intertwined. It's because that this involves, even pornography involves First Amendment material that this court has to review it more carefully. Let me ask you one other question, which may help with my colleague's question, may not. I'm trying to figure out, really, if this is a procedural objection. Yes, that's what we're raising, a procedural. Why is it procedural? Why is it not substantive? I've read the rules as it relates to what is procedural and what is substantive. Make your best argument this is a procedural objection. Because the district court didn't give adequate explanation. That has nothing to do with that because substantive objections can be based on the fact that you don't get adequate explanation. What makes it procedural, Counselor? Because Cardi is clear. I mean, I look right at Cardi. It doesn't seem to me that Cardi outlines this is procedural. Well, I believe it is in Wolfchild and in Cardi, but it would be procedural error to fail to adequately explain the sentence elected. And the district court must provide sufficient explanation as to provide meaningful appellate review. And that's the problem here. We don't know, other than just this is an offense. What's a substantive objection? What's the basis for that? Don't you find the same language? In the substantive, it gets into more, was this a greater deprivation than necessary? It gets into more of the, instead of focusing. To me, that's your argument. This is a greater deprivation than necessary. You're saying it was simply child. Therefore, you didn't need to get to adult. That's the argument you're making. It's a greater deprivation than necessary. Well, there's the first step that the district court would have to sufficiently explain it. And unless the district court makes an explanation of why there has to be this connection, when there's a body of literature, there's empirical evidence that looking at adult pornography does not necessarily lead to child pornography. I'm not sure you, I didn't think you wanted to get back to your first argument, but I was going to say I'm not sure you want to tell us that courts can rely on bodies of literature in sentencing that isn't before them because that's your argument as to the sentence, isn't it? Well, you still have another ground here and it's that there was a psychologist report and there was no indication here that he was a danger to repeat. Can you go back to this? I'm sorry, Judge Smith was asking you. No, no, I'm glad to have you in and I'll get back if you don't ask my question. Well, I wanted to go back to the sentence as opposed to the supervised release conditions. You have an argument about the sentence and I diverted you to the supervised release conditions, so I wanted to give you a chance to get back to it. Well, I see I only have two minutes left. So you don't want to talk about it? The bottom line with the sentence imposed is the district court at one point says it's impossible for a psychologist to tell whether or not he will re-offend or this will lead to conduct. It's impossible for me, the judge, to determine whether or not this will happen and it's impossible for anyone and yet he uses that as a factor to increase the sentence. That's what I wanted to ask you about because he really doesn't increase the sentence. Your client asks for the statutory minimum and there's a higher recommendation and the judge says I'm not going to go that high but I'm not going to go as low as you want either. I'm going to give you one year more than the minimum which is about a two-year departure from the guidelines downward and then he says something and maybe what he said was inappropriate but what do we do when the judge in effect buys most of your argument and gives you a downward variance and we say he's given the wrong reasons for not giving you a greater downward variance? That's your argument, isn't it? I think you have to go to what this particular district court says. He didn't increase it from five to six. He just didn't decrease it all the way to five. But one of the things that this district court did is it reviewed how it was going to accept or reject the guidelines and it ultimately got to a guideline range. I think it was from 41 to 53 months and then it went after getting there, it went up from there and used this I don't know if it will or will not to get above the five-year and that's our argument I'd like to say. But I guess my question and you can probably, I haven't found any cases. Do we find error when a judge gives a legally wrong reason, assume that he did, a legally wrong reason for not departing downward further? In other words, he departed downward and you say, well, he said I would have departed downward further but I have this legally incorrect reason. Do we reverse the judge for that or do we just say you don't have to explain why you went downward not as much as you could have? I don't have the name of the case on my fingertips but I know that there's at least one case that when there was a downward variance and something went wrong with the sentence, the court has still reversed because the, I don't remember if it was an improper factor or improper guideline that may have played a role in that determination. I can 28-J that case when I get back to the office. Thank you. Thank you. Good morning. Charlotte Kaiser on behalf of the United States. Judge Horowitz, I think you explained the record very clearly in terms of the sentence for this case. What do we do with the, what do we do with the judge saying one of the factors I'm considering, even though it's downward, is graduation to contact with children when there's no evidence about that in this record, no evidence about this particular defendant having any danger of that. You point out there may be some information in the literature someplace but it wasn't in front of the judge. What do we do about that? I don't think it was material because, Your Honor, he was not, he had already calculated the guidelines so I'm not sure how it was procedural error in terms of clear errors to the guidelines itself. He just said- No, I see, and I don't think your colleague is challenging the calculation of the guidelines. He said, you know, he gave the wrong reason for not giving me a five-year sentence as opposed to a six. If he'd said I'm not going to give you that because you're black or gay or something, we surely would take a look at it. He said something here that wasn't racially motivated but that didn't seem to have any support in the record. What do we do with that? Well, he's not entitled to a mandatory minimum sentence. No, but in my example, let's assume he went through the whole thing and the judge said but I don't give black people mandatory minimums. We'd jump on that in a minute. But that's not- That's not this case. That's not this case. But he did give a reason that doesn't seem to be, have support in the record for not doing it. What do we do then? Well, I didn't read it that way and certainly when I was there I didn't take it that way but when he was giving the reason, I think he was actually going on a tangent at that point and he said that's not the circumstance here. I think there were other reasons apparent for the record as to why he wasn't going to depart further given the fact of the 2006 incident. It was on three different devices and so I think that essentially he was speaking off the cuff at some point which is what district judges sometimes do in trying to- Circuit judges do too but nobody writes it down when we do it. And he talked about actually, this was actually his sentence, his second child exploitation sentence the week before he had another one and he talked a little bit about that and said there were similarities, some serious, some different. So I take it your argument on that point is that this didn't really affect the sentence given everything else, that it was just a random remark. It didn't. It was a random remark but at the same time I think where we disagree though too is this whole idea of what empirical studies say and don't say and- Well, but my problem with the empirical studies is if the judge had referred to them, if they'd been in front of him, we'd say, oh, he's got a basis for this but you did a nice job finding- They were in front of him, he just didn't refer to them, right? On the defense side, that's correct. And on my side- In the defense, the defense had a sentencing memorandum talking about two studies. One of the studies said a history of viewing child porn is not itself a strong indicator of who is going to sexually abuse children. And the second said even the small numbers of individuals arrested for possession of child porn were also abusers. That was right in the memo. I read it. Yes, Your Honor. That was part of it but at the same time, I think some of those studies were 2009, 2011 were, to be perfectly honest, I probably should have addressed that more in the sentencing in terms of what I did in the briefing here where I cited to the Sentencing Commission report. Right. And if you had, the judge then would have had that report in front of him and he could have said, I've looked at your studies, Mr. Defendant, I've looked at the Sentencing Commission report and I think there's a greater danger of this than you think and so I'm not going down so far. And in that respect, I would say with that, it's there, this disagreement of the fact and I think that, again, this is, it was a tangential statement but it didn't create, it's not the reason for the, well, therefore, I'm entitled to a 60-month sentence instead of a 72-month sentence. Could you address the conditions of supervised release and see where you disagree with your colleague? On the word I can't pronounce. The PPG? Thank you. It is, and Judge Smith can pronounce. You agree that that is not a, that should not be a condition of supervised release? I agree and actually, as FARSA goes on to quote, we hold that in the absence of specific findings, Condition 5 and out necessarily must be understood as limited by those forms of physiological testing that do not implicate a particularly significant liberty interest. And that's the direct quote from it. So I. And so, but if we were to say in an order or a disposition in this case that that condition is modified to expressly so as not to include what he's complaining about, the government would have no objection. We have no objection, but I would say it's not necessary. I, no, I understand, I understand your position. How about the other one, the adult-oriented materials? What should we do with that? Well, as Your Honor pointed out, this is a pornography case. This is a child pornography case. And in fact, in the facts of this case, when the defendant was arrested up in Washington, he actually had some pornography on him that originally the agents of their thought might be suspected child pornography. When the case agent down in San Diego refuted it, he said, based on my training and experience, I would say one of the individuals is trying to look 18 and the other one is just over 18. Well, the case agent's not a doctor necessarily, but how is probation supposed to necessarily monitor this case unless we give concrete conditions? The judge did give, the judge did create a meaningful appellate review record in this case by looking at it, discussing the condition with probation. And probation explained this assists us in being able to monitor the defendant as well as dealing with the slippery slope issue. Should we, should we modify that condition to be restricted to pornography? No, because the, there's the case law out there that says pornography is too vague. At this point, we haven't. Well, we have another case out there whose name I can't pronounce either. It's either Nurki or Gnurki that, that does that. That's my case, Your Honor. Yes, okay, so you're familiar with it. And there is currently an en banc call for sua sponte review. Briefing is due April 27th. Right, so, yeah, but unless and until the case is called en banc, it's, it's there. So under, if we were to follow that case, what would we do? Well, in that case, they affirmed that they modified the judgment. Right. So that's what you would do, I would say. So if that remains the law of the circuit when we get around to disposing of this case, what we should do is, is change that condition or modify that condition to restrict it to pornography. If you, if you follow Nurki. Yes, well, we'd have to if it, we'd have to unless it, it goes en banc. But, but I would say Nurki is distinguishable in the sense of Nurki dealt with a contact sex, sex offender. And as Your Honor kept pointing out several times, we are dealing with someone who is trading in child pornography. His, his conviction was for distribution of child pornography. And he also had it on three separate devices. He also had the 2006 contact. And can the, can the judge in a case like that say, look, you've been convicted of being in the pornography business. One, one aspect of it is child pornography. I want you to stay away from the pornography business, businesses and pornography during the term of your supervised release. Because that's, that's the crime you were convicted of. Yes, I can say that. But the problem is, is the fact that there's case law out there saying that the term pornography is vague. And so, um, and that's your problem. That's Jeff, that's your problem with the modification in, in, in Nurki, I take it. Well, Nurki is interesting because it deals with the sexually stimulating conduct. I mean, they still say sexually explicit conduct, but they don't define it by 20. I'm sorry, there are a lot of movies you can go to these days that are sexually stimulating. And we're going to try to prohibit him from having any going anywhere where there's something sexually stimulating. The way things are going these days, he's going to have to just stay in his room and not watch anything. Well, I think, um, the, the, the judge did modify the patronization and say, you can't go anywhere where it's primarily primary purpose. Um, and I think in, in the question really is how, how, how do you define it? And where is the discretion as to something, um, in, in enforcing a case like this? And he, he clearly, there's an issue in the record in terms of why it is, um, that he collected with child pornography because he was a collector. Um, he started in 2006. His excuse at that time was I was working with foster children and they told me about their abuse. And so I got interested in it, got up at hand. And then this next time, um, he said it was due to his own prior abuse. But at the same time, um, in, in his post-arrest interview, he also recognized that he, it got out of hand at that point too. Um, probation needs to be able to adequately monitor him within certain confines and parameters. And the intention is not necessarily we want you to stay in your room and close the door because essentially that seems to be what got him into trouble in the first place. He didn't, he didn't deal with the issues that he was having and stayed besides it. And he was caught downloading child pornography. Who's constantly downloading it. Should we hold this case? I should have added not only stay away from television, but from computers too. That, that's the condition though. It, it monitors his access to computers as well. Well, since you're so familiar with NERCI and even being able to pronounce it, uh, should we hold this case pending the outcome of the proceedings in that case to, to see how it affects the sentencing issues? Um, we had discussed that, um, about possibly, possibly in that regard. Um, as, as to that condition, um, I think that the court could certainly wait and hold, but I do also think there are some aspects about the NERCI case which are distinguishable from this case. Because it wasn't, it wasn't a pornography possession or distribution case. It was a case that involved contact. Exactly. And it also dealt with the patronization, um, condition as well. Um, unless the court has any further questions, um, I guess I'm, thank you very much for your time. Thank you. I'll try to be brief as to the sentencing issue. You're going to be brief because you're out of time. What's that? I said, you're going to be brief because you're out of time. As to the, whether or not it was material. Did you hear why you're going to be brief? You're out of time. I had 20 seconds when I started. I was in, I was in deficit. Oh, the red light was on. We'll get a good guy here who's going to give you some extra, but you were really out of time. Thank you, your honors. Um, as to the material, uh, materiality question, the district court specifically said at excerpt of record 83, it's a consideration. Uh, the court can't ignore later when he is explaining why he's not going to give the minimum mandatory sentence. I'm not going to do that for all the various, uh, factors that I've noted. And in this court's case in Bergen, uh, it said that if just one factor among many is enough to qualify for the reversal. As to NERCY, I will be the other attorney that will be writing the briefing for on box, so I'm familiar with it too, but there's a key distinction between NERCY and this one. NERCY is what I'll be arguing is was only justified to construe this a certain way because they interpreted that as that's what the district court meant. The district court was drawing the line based on the record of that case at pornography. There's no evidence in this case that the district court was drawing the line at pornography. And that's all we're asking is a remand to, to have the district court determine where he's going to draw that line. You don't want us to draw it. I want you to remand for the district court to reconsider. But as I understand your position is if he drew it at pornography, if this had just said no pornography, you'd still object to it. Uh, yes. And I'll need to justify that in the district court too. You don't want any. I want to, I want to remand for, for us to present our evidence, the government present them, theirs, and the district court to state, fully state its reasons for imposing whatever condition it chooses, because we, our position is that the district court procedurally erred by not explaining it enough, considering how broad it actually is. Thank you counsel. Case 10-10 will be submitted.
judges: Reinhardt, Smith, Hurwitz